UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN A. WITHAM, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:12-cv-00078-JAW |
| | ) |
| ANDROSCOGGIN COUNTY | ) |
| SHERIFF'S OFFICE, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

This matter is before the Court following its timely removal from the Maine Superior Court, Androscoggin County, on March 6, 2012. It is a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Witham originally sued the Sheriff's Office and County Commissioners in connection with a decision to transfer him back to the jail after orthopedic surgery at the Central Maine Medical Center. Witham believes that he should have remained at the Brewer Rehabilitation facility after the hospital transferred him there, but instead he was taken to the jail. Presently before the Court are Witham's objection to the notice of removal (ECF No. 7) and a motion to dismiss the verified complaint and partially[1] dismiss the amended verified complaint filed by the "Androscoggin County defendants" (ECF No. 23). The verified complaint and the amended verified complaint are much more expansive pleadings than the original complaint and incorporate events related to a police investigation prior to the hospitalization. I now recommend that the Court deny Witham's objection to removal and grant the Androscoggin Count defendants' motion to dismiss. Since Witham has proved unable or unwilling to focus his pleadings on the material allegations and defendants, the entire matter

---

[1] The motion is "partial" as to the amended verified complaint only because other defendants are named in the pleading. The moving/removing defendants seek the dismissal of all claims advanced against them.

should be dismissed as a result of preliminary screening.[2] Witham has already had three opportunities to provide a cogent pleading and has been unable or unwilling to do so.

## Procedural Background

Witham filed a complaint in state court on February 2, 2012, naming as defendants the Androscoggin County Sheriff's Office and the Androscoggin County Commissioners. Defendants removed the matter to this Court on March 6, 2012. The state court record does not contain notice of service and it does not appear of record when the defendants received actual notice of the claim, but it appears that the removal was timely. At the same time as they removed the case, the defendants filed a motion to dismiss (ECF No. 6), which has since been terminated because two additional verified complaints have been filed that under normal rules of pleading should have replaced the original complaint.

Sometime between on or about January 28, 2012, and a date after removal, Witham apparently attempted to file in state court a verified complaint (ECF No. 12)[3] captioned as arising under the Maine Tort Claims Act. However, that verified complaint was ultimately entered on this docket on March 28, 2012, because the matter had been removed to this Court. In the

---

[2] The moving/removing defendants have failed to brief the adequacy of the "new" pleadings in relationship to the federal claims, one for deliberate indifference to serious medical needs and one for an alleged Fourth Amendment violation. It appears that the Androscoggin County defendants believe the verified complaint contains only state law claims, although Witham clearly references his deliberate indifference medical needs claim that he asserted in the original complaint. Likewise, when discussing the amended verified complaint the Androscoggin County defendants do not address the Fourth Amendment claim. In their original motion to dismiss (ECF No. 6), they did brief the inadequacy of the original complaint regarding municipal liability against the Sheriff's Department and the County. Clearly they are correct on that score as the complaint, verified complaint, and amended verified complaint do not state a valid claim against any municipal entity. For that reason this recommendation includes the dismissal of all claims against the County or the Sheriff's Department relating to the transfer from the rehabilitation facility. Additionally, I have recommended dismissal of all putative federal claims against individual Androscoggin County personnel simply because there are no substantive factual allegations other than the allegations against Sheriff's Deputy Maurice Drouin, discussed in the body of this recommended decision. As to the laundry list of twenty-two additional defendants, any dismissal as to them would be without prejudice to Witham's right to bring civil actions in state court under the Maine Tort Claims Act, if it is applicable to the specific defendant. Witham has not stated any federal constitutional claim against any of these individuals.

[3] Both the verified complaint and the amended verified complaint are captioned with the Androscoggin Superior Court docket number and header. There is no indication that the pleadings were ever actually filed in the state court.

verified complaint Witham names as defendants not only the two original defendants but also Guy Desjardins, the Sheriff of Androscoggin County, Maurice Drouin, a deputy, James Jacques, a sergeant, Glenn Holt, a lieutenant, William Gagne, another sergeant, FNU Lafrance, a captain, and Michael Lemay, the Chief Deputy.  In addition to asserting state tort claims in the verified complaint, Witham also reasserts his constitutional claims of deliberate indifference against the Sheriff's Office in relationship to their failure to allow him to remain at the rehabilitation facility. (Verified Compl. at 6, ¶ W.)  However, the verified complaint also contains state tort claims against the individuals named as additional defendants.

Based upon the verified complaint the following story emerges.  Androscoggin County Deputy Sheriff Maurice Drouin began an investigation of Witham in May 2010 in relationship to an allegedly stolen computer.  Drouin and "other defendants" (id. at 5, ¶ N) drew up an operational plan, attempting to apprehend Witham, whose exact whereabouts were unknown to them.  Arrangements were made for Witham to sell Drouin a baseball advertised on Craigslist.com by Witham.  Drouin and Witham were to meet at Landry's Quick Stop in Greene on May 12, 2010.  Drouin attempted to stop the vehicle operated by Witham and Witham failed to stop, resulting in a pursuit, roadblocks, and the use of spike mats.  Eventually Witham was involved in a collision with an oncoming vehicle and trapped inside his vehicle.  Finally he was removed from the vehicle and rushed by Life Flight to Central Maine Medical Center where he underwent surgery and was ultimately discharged to the Brewer Rehabilitation Facility on June 11, 2010.

The verified complaint contains little additional information about the other named defendants' actions.  Jacques and Lemay apparently monitored communications during the pursuit.  Lafrance engaged in radio communication with Drouin, allegedly telling Drouin to back

off the pursuit. (Id. at 6, ¶ U.) Gagne and Holt, as well as Sheriff Desjardins, are involved only as "participants" (Id. ¶ V) who were not involved in the actual event at the time of the collision. The introductory language of the verified complaint suggests that the officers are sued because they are "responsible for all his lower ranking officers as he is a supervisor." (Id. at 3, ¶¶ E-I.)

On the same date as it received the verified complaint, March 28, 2012, this Court also received an amended verified complaint (ECF No. 14) dated February 29, 2012, naming as defendants twenty-two additional individuals, consisting of law enforcement officers employed by the Maine State Police, the Maine Drug Enforcement Agency, the Monmouth Police Department, the Winthrop Police Department, and two private citizens who were witnesses in the civil action against him and are being sued for libel and/or defamation. The subject matter of the amended verified complaint remains the events of May 12, 2010, and the collision involving Witham and another vehicle that ended Drouin's pursuit. The amended verified complaint contains a collection of state tort claims, but little information about the role of the various named defendants in the events. The void in factual detail is explained by Witham as follows: "Plaintiff will discuss what really occurred in court at trial and not here because the videos refute all the statements made by law officials and he doesn't want to prejudice himself by explaining it here." (Am. Verified Compl. at 9, ¶ 24.)

Pertinent to this Court's consideration of the pending pleading is a section of the amended verified complaint captioned "Violations of Constitutional Rights." (Id. at 15, Part E.) In this section Witham claims for the first time a Fourth Amendment violation based upon an allegedly illegal search and seizure. Based upon the accompanying list of exhibits, it appears this allegation may arise in connection with a search warrant that Maurice Drouin obtained in the Maine District Court. On June 12, 2012, Witham randomly filed numerous exhibits in addition

to his opposition to the motion to dismiss, including a copy of an affidavit Deputy Drouin swore out in support of a warrant to search a particular vehicle registered to Witham. (Drouin S/W Aff., ECF No. 43-6.) I can only assume that this affidavit somehow relates to the allegation in the amended verified complaint.

## Motion to Remand

The first order of business is to address Witham's March 16, 2012, "objection" to the notice of removal. Giving Witham the benefit of the doubt, I will treat the objection as a timely filed motion to remand this matter to the state court. I have followed this identical practice in other cases. See, e.g., Farrar v. Polaris Indus., Inc., 1:08-cv-00385-JAW (D. Me. Dec. 8, 2008, ECF No. 13). Section 1447(c) of Title 28, United States Code provides that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Thus, it appears that Witham has made a timely objection. Within his objection Witham concedes that his action is based, at least in part, on federal statutes, and therefore he concedes that this Court has federal subject matter jurisdiction. Furthermore, my independent review of the complaint, verified complaint, and amended verified complaint supports the conclusion that there is clearly federal subject matter jurisdiction.

Witham's objection is based first on the fact that he was not consulted prior to removal. A copy of the notice of removal was sent to Witham as evidenced by the certificate of service. In addition, the notice of removal was filed on March 6, 2012, and the objection to removal was filed ten days later, on March 16, 2012. Clearly, Witham knew of the removal in order to file his objection. His contention that defendants' counsel had some additional obligation to confer with

him or seek leave from the state court prior to removal is simply not supported by any provision of the federal rules or statutes governing removal.

     Second, Plaintiff argues that removal was not done in a timely manner because service had been made by a deputy sheriff. The record from the state court and the plaintiff's submissions do not contain any evidence of proof of service. Defendants had thirty days after "receipt by the defendant, through service or otherwise, of a copy of the initial pleading" to effectuate the removal. 28 U.S.C. § 1446(b). In this case the defendants have been conspicuously silent about when and how they received notice of the lawsuit and the record provided from the state court is silent on the issue as well. Even Witham does not offer the suggestion of a date when service of the initial pleading was made on the original defendants. If Witham had a deputy make service prior to filing his lawsuit, he has not said so in his objection. The state court record says the complaint was filed and in forma pauperis status granted on February 3, 2012. The notice of removal was filed in this Court on March 6, 2012. It is reasonable to infer that service of the initial complaint was made after February 3, 2012, and that removal was made within 30 days of actual receipt of a copy of the first pleading. The verified complaint and the amended verified complaint were apparently never filed in the state court. When and how the defendants received the pleadings remains unclear. The two original defendants' motion to extend time to file an answer (ECF No. 17) suggests that formal service has never been made on the additional defendants and that they did not know of the verified complaint until on or about March 28, 2012. In any event, once the case was removed to this Court the individual Androscoggin County defendants waived any defects in service and have proceeded to respond to the pleadings with the pending motion to dismiss. Accordingly, Witham's objection to the removal should be denied. The matter is properly before this Court.

**Motion to Dismiss Standard**

The moving defendants, collectively referred to as the Androscoggin County defendants, have moved to dismiss the verified complaint and the amended verified complaint as it pertains to them because those pleadings fail to state a claim. In deciding a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Additionally, because Witham is a pro se litigant, his complaint is subjected to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). That does not mean, however, that I am free to invent claims when none have been asserted.

*Androscoggin County and the Deliberate Indifference Claim*

In his original complaint and in the verified complaint Witham faults the Androscoggin County Sheriff's Office and/or the Androscoggin County Commissioners for the decision that resulted in his removal from the Brewer Rehabilitation Facility. These pleadings neither name individual defendants nor direct any factual allegation at any individual defendant. Even if Sheriff Desjardins were being sued in his official capacity in connection with the decision to transfer Witham, "[a] suit against a public official in his official capacity is a suit against the governmental entity itself." Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005). Thus, a suit

against Sheriff Desjardins in his official capacity is the same as a suit against Androscoggin County, which operates the jail. Androscoggin County may only be held liable under Section 1983 for its own unconstitutional action, not for the actions of its individual employees. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Accordingly, a municipal government will only be held liable when the "execution of a [municipal] government's policy or custom . . . inflicts the injury." Id. at 694. See also City of Canton v. Harris, 489 U.S. 378, 388-89 (1989) (explaining that a government policy must be "the moving force behind the constitutional violation"); DiRico v. City of Quincy, 404 F.3d 464, 468-69 (1st Cir. 2005) (explaining that allegations pertaining to failure to train, supervise, and discipline must reflect a government policy of deliberate indifference resulting in a constitutional deprivation).

      Witham alleges that he was deprived of medical care when the Sheriff's Department removed him from the rehabilitation facility and had "an ambulance transport him to the prison." (Verified Compl. at 6, ¶ W.) This claim of deliberate indifference has two required components. First, the alleged deprivation must be "objectively 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the defendant must have a culpable state of mind, which means in prison conditions cases that the defendant was deliberately indifferent to the inmate's health or safety. Id. To demonstrate that medical care provided by prison officials violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment, it is not sufficient for a prisoner to prove only that he has not received adequate medical care. He must also prove that the officials responsible for his care intentionally ignored a serious medical need or were deliberately indifferent to it. Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497-98 (1st Cir. 2011). And as indicated above,

8

in the context of a suit against a governmental entity such as the County, Witham must further allege that the County acted pursuant to some official custom or policy.

It is apparent that Witham's pleadings do not suffice. He has not even alleged that he was deprived of any necessary medical care, simply that he was not allowed to remain at the preferred facility. Nor has Witham alleged any factual content that would support even a plausible inference that he was removed from the rehabilitation facility pursuant to some municipal policy or custom. Nor has Witham alleged that he was returned to jail where the County provided inadequate care. He alleges he was taken to the prison and indeed his current address on the docket is the Bolduc Correctional Facility in Warren, Maine, far removed from the Androscoggin County Jail. In his complaint Witham alleges that he remained at the prison infirmary for over two months and received at least three consultations with his surgeon during that time period. (Am. Verified Compl. at 9, ¶ 21.) Those allegations hardly amount to a deprivation of medical care and treatment. The municipal defendants, including the individuals sued in their official capacities, are entitled to dismissal of the deliberate indifference medical care claims arising in connection with the transfer from the rehabilitation facility because Witham has not stated a claim of municipal liability.

*Androscoggin Individual Defendants and the State Tort Claims*

Witham has sued seven individuals employed in varying capacities by the Androscoggin County Sheriff's Office. Other than Maurice Drouin, the allegations pertaining to the other six defendants are sparse and it is difficult to ascertain why they are being sued. Suffice it to say that if the verified complaint and the amended verified complaint are read in tandem it appears that Witham is asserting Maine tort claims against the defendants. The verified complaint contains a great deal of factual matter relating to the events of May 4 through June 18, 2010,

including the pursuit and automobile collision occurring on May 10, 2010, and the subsequent orthopedic surgeries. It appears, however, that the primary thrust of the tort claims relates to the events of May 10, 2010.

Witham's tort claims against Androscoggin law enforcement personnel, as set forth in the amended verified complaint, appear to consist of a claim of negligence in the operation of motor vehicles and other tortious conduct in connection with the May 10 incident, including negligent supervision, a claim for libel and slander, deceit and entrapment, fraudulent concealment, obstructing justice, and engaging in conduct unbecoming a duly sworn law enforcement official.

Section 8107(1) of Title 14 of the Maine Revised Statutes sets forth the following notice requirement for claims under the Maine Tort Claims Act:

> **Notice requirements for filing.** Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant or a claimant's personal representative or attorney shall file a written notice containing:
>
> **A.** The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;
>
> **B.** A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;
>
> **C.** The name and address of any governmental employee involved, if known;
>
> **D.** A concise statement of the nature and extent of the injury claimed to have been suffered; and
>
> **E.** A statement of the amount of monetary damages claimed.

14 M.R.S. § 8107(1). With respect to the 180-day timeframe for complying with this notice requirement, all of Witham's claims are tethered to events that occurred no later than June 18, 2010. The 180-day notice period therefore ended no later than December 18, 2010.

The verified complaint alleges that Witham complied with 14 M.R.S. § 8107 on January 23, 2012. Witham acknowledges that he did not comply with the 180-day notice requirement, but alleges that his memory loss coupled with newly discovered evidence supports good cause to permit him to serve the notice of claim at a later date. (Response to Mot. to Dismiss, ECF No. 42.) Witham alleges in the complaints that his memory began returning around the end of May 2010. (Verified Compl. at 7, ¶ 5; Am. Verified Compl. at 9, ¶ 20.) Witham would have been able to file a notice of claim even if he did not remember all of the underlying facts. Waiting until all of his memory returned, if indeed that is what happened on January 23, 2012, does not establish good cause for failing to comply with the 180-day notice requirement.

Witham also alleges that newly discovered evidence delivered to him on February 20, 2012, provides good cause for failing to serve a timely notice of claim. This argument is without merit because the Plaintiff served the notice of claim prior to February 20, 2012. He did not need the newly discovered evidence in order to serve his notice of claim.

Witham's allegations regarding loss of memory and newly discovered evidence, even if accepted as true, are not sufficient to establish good cause under the MTCA. The Maine Law Court has "interpreted 'good cause' to require a showing that the plaintiff was unable to file a claim or was meaningfully prevented from learning of the information forming the basis for his or her complaint." Porter v. Philbrick-Gates, 2000 ME 35, ¶ 4, 745 A.2d 996, 998. "The notice is not a pleading and can be filed when a party has less than complete understanding of the facts forming the basis of his or her suit." Id., 2000 ME 35, ¶ 9, 745 A.2d at 999. "The difficulty in learning the facts underlying a claim is not enough for a plaintiff to meet its burden of showing good cause." Beaucage v. City of Rockland, 2000 ME 184, ¶ 6, 760 A.2d 1054, 1056-57. If the notice of claim has not been timely filed and the plaintiff otherwise has failed to comply with §

11

8107, then suit is barred.  Theriault v. Univ. of S. Me., 353 F. Supp. 2d 1, 10 (D. Me. 2004).  In this case Witham's tort claims against Androscoggin County and its employees are barred.

*Deputy Drouin and the Constitutional Claims*

There are no factual allegations that tie Drouin to the deliberate indifference medical claims.  All of the allegations relating to Drouin's investigation and the pursuit of the Witham vehicle are set forth as negligence and other tort claims, which must be dismissed because of failure to comply with the tort claims notice requirement.  Witham does complain that "the defendants" conducted an illegal search and seizure at his residence in Smithfield, Maine.  (Am. Verified Compl. at 15, ¶ 62.)  This claim is not developed in the record or the pleadings.  As I indicated above, the search warrant affidavit signed by Drouin relates to a motor vehicle, not a residence, and that affidavit was simply filed with a large conglomeration of miscellaneous documents without explanation or elaboration.

Even if Witham were to suggest that his claims against Drouin in relationship to the investigation and the motor vehicle pursuit were brought pursuant to some as yet unarticulated constitutional theory, under the pleading standard set forth in Ashcroft v. Iqbal he simply has failed to state any constitutional claim.  In Iqbal the court summarized:  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  556 U.S. at 677-78.  It reiterated, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting

Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

      While Witham's complaint provides factual detail about the nature of the investigation Drouin conducted and Drouin's role in the pursuit of Witham's vehicle, it is not readily apparent how anything Drouin did amounts to a constitutional violation. The claimed Fourth Amendment violation at Witham's residence remains totally unclear. Witham may be referencing Drouin's investigation regarding the IP address used by him in the course of communicating with the manager of the company who claimed that Witham had stolen a computer. (Am. Verified Compl. at 7-8, ¶¶ 5-14, pp. 7-8.) However, nothing in Witham's allegations suggests that Drouin conducted any search of Witham's computer by intercepting private electronic communications. It appears from Witham's allegations that the manager of the computer store undertook his own investigation regarding the computer Witham used on the internet and conveyed the information to Drouin. In any event the complaint does not state a constitutional claim against Drouin.

### *The Remaining Putative Defendants and State or Federal Claims*

      The remaining defendants in the amended verified complaint, for whom I have not authorized service, consist of a hodgepodge of State Police officers, Maine Drug Enforcement Agency officers, and officers from the Monmouth and Winthrop police departments. Apparently all of these officers had something to do with the pursuit initiated by Drouin. They certainly do not appear to be related to the deliberate indifference medical claim that was originally removed to this Court and it appears they are being sued for negligence and a variety of tort claims. The other two defendants are two private citizens and they are being sued for libel and/or defamation in connection with Witham's criminal trial. (Id. at 14, ¶¶ 48-49.)

If this Court accepts my recommendation that the primary claims against the Androscoggin County defendants who have moved for dismissal be dismissed with prejudice, I would further recommend that the remaining claims be dismissed without prejudice, allowing Witham to return to state court, where he apparently wants his action filed, to bring whatever claims he believes he has against this collection of defendants. In the absence of any federal claims remaining after resolution of a motion to dismiss, the court must determine whether to entertain the plaintiff's state-law claims. 28 U.S.C. §1367(c)(3) (expressly authorizing a district court to decline the exercise of supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction"); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"); Johnson v. VCG Holding Corp., __ F. Supp. 2d __, No. 1:10-cv-00442-JAW, 2012 WL 769487, *20, 2012 U.S. Dist. Lexis 31900, *81 (D. Me. Mar. 9, 2012) (Order on Mots. for Summ. J.) ("The First Circuit generally assumes that once all federal claims are resolved, the state claims should be dismissed.") (citing Batterman v. Leahy, 544 F.3d 370, 376 (1st Cir. 2008)).

## Conclusion

Based on the foregoing, I recommend that all claims, state and federal, against the Androscoggin County Sheriff's Office, the Androscoggin County Commissioners, and seven individual Androscoggin County officers be dismissed with prejudice because none of the three

versions of the complaint, either individually or collectively, states a claim against any of these entities or individuals. I further recommend that the remainder of the amended verified complaint, naming twenty-two additional defendants in a variety of state law claims, be dismissed without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 12, 2012                              /s/ Margaret J. Kravchuk
                                            U.S. Magistrate Judge