UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN A. WITHAM, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )  2:12-cv-00078-JAW |
| | ) |
| ANDROSCOGGIN COUNTY | ) |
| SHERIFF'S OFFICE, et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER ON RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE AND MOTION FOR LEAVE TO AMEND**

### I.    PROCEDURAL HISTORY

On February 2, 2012, Glen A. Witham filed a complaint in Androscoggin County Superior Court against the Androscoggin County Sheriff's Office and the Androscoggin County Commissioners, alleging that they violated his federal constitutional rights by removing him from a rehabilitation facility. *Compl.* (ECF No. 2-5). These Defendants removed the case to this Court on March 6, 2012. *Notice of Removal* (ECF No. 1). Mr. Witham objected to the removal. *Pl.'s Opp'n to Def.'s Removal of Case from State Ct.* (ECF No. 7). Mr. Witham subsequently filed a Verified Complaint and Amended Verified Complaint adding Defendants as well as claims under the Maine Tort Claims Act; the Amended Verified Complaint also alleged additional constitutional violations, including an alleged violation of Mr. Witham's Fourth Amendment rights. *Verified Compl.* (ECF No. 12); *Am. Verified Compl.* (ECF No. 14). On April 30, 2012, Defendants Androscoggin County Sheriff's

Department, Androscoggin County Commissioner's Office, Guy Desjardins, Maurice Drouin, James Jacques, Glenn Holt, William Gagne, Ray LaFrance, and Michael Lemay (County Defendants) jointly moved pursuant to FED. R. CIV. P. 12(b)(6) to dismiss the Verified Complaint in its entirety and the Amended Verified Complaint as it relates to them. *County Defs.' Mot. to Dismiss Verified Compl. and Partially Dismiss Am. Verified Compl.* (ECF No. 23).

On July 12, 2012, the Magistrate Judge recommended that the Court deny Mr. Witham's objection to removal, dismiss with prejudice all claims against the moving Defendants, and dismiss without prejudice all other claims. *Recommended Decision* (ECF No. 48). Mr. Witham objected on July 30, 2012. *Objection to Report & Recommended Decision* (ECF No. 51). The moving Defendants responded on August 16, 2012. *The County Defs.' Resp. to Pl.'s Objections to Magistrate's Recommended Decision* (ECF No. 52). On October 12, 2012, Mr. Witham filed an additional memorandum in support of his objections. *Mem. of Law in Support of Pl.'s Objection to Def.'s Mot. to Dismiss on Basis of 180 Day Limitation in Tort Claims Act* (ECF No. 55).

Additionally, on September 10, 2012, Mr. Witham moved to amend his Complaint. *Mot. for Leave of Ct. to Amend & Assert Pl.'s Reservation of Rights, 11 M.R.S.A. §§1-1308 Et. Seq., to Present Further Causes of Action* (ECF No. 53) (*Pl.'s Mot. to Amend*). On October 1, 2012, the County Defendants objected to the motion to amend. *Cnty. Defs.' Opp'n to Pl.'s Mot. for Leave of Ct. to Amend and Assert Pl.'s*

2

*Reservation of Rights 11 M.R.S.A. § 1-1308, Et. Seq., to Present Further Causes of Action* (ECF No. 54).

II.  **DISCUSSION**

    A.    **The Magistrate Judge's Recommended Decision**

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a de novo determination of all matters adjudicated therein. The Court concurs with the recommendation of the Magistrate Judge that Mr. Witham's objections to removal lack merit for the reasons set forth in her Recommended Decision. The Court also concurs with the recommendation of the Magistrate Judge that Mr. Witham has failed to state a viable federal claim for the reasons set forth in her Recommended Decision. In addition, the Court observes that Mr. Witham has not objected to that portion of the Recommended Decision that addressed his federal claim related to his removal from the rehabilitation facility and therefore he has waived the right to challenge that portion of the Magistrate Judge's Recommended Decision.

This leaves the Maine Tort Claims Act claim. The Court does not reach the question of whether Mr. Witham had "good cause" for failing to comply with the 180-day notice requirement for claims under the Maine Tort Claims Act. *See* 14 M.R.S. § 8107(1). Given the absence of any viable federal claims, the Court declines to exercise supplemental jurisdiction over this and all other remaining questions of state law, and remands the case to Androscoggin County Superior Court. *See* 28 U.S.C. § 1367(c)(3); *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir.

1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) ("the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate"); *see, e.g., Wainwright v. Cnty. of Oxford*, 369 F. Supp. 2d 3, 9 (D. Me. 2005) (remanding the case to state court upon dismissal of the federal count).

    B.    The Motion for Leave to Amend

In his motion for leave to amend, Mr. Witham seeks to amend his Complaint to assert a federal cause of action under 42 U.S.C. § 1985, to allege two new state-based torts, comparative negligence and libel and slander, and to claim that the Defendants committed numerous federal crimes and one state crime. *Pl.'s Mot. to Amend* at 1-13. To the extent that Mr. Witham seeks to allege a new federal cause of action, his Complaint would still be subject to dismissal with prejudice for the reasons explained by the Magistrate Judge in the Recommended Decision and therefore his motion is denied to this extent as futile. To the extent Mr. Witham seeks to amend his Complaint to allege new state torts, the Court concludes that the state court will be in a better position to evaluate the sufficiency of those allegations and the Court dismisses his motion on those claims without prejudice so that, if he chooses to do so, he may reinitiate the motion upon remand to the state court. Finally, as regards the claims of criminal violations, the Court observes that

4

as a private citizen, Mr. Witham is not authorized to initiate a criminal case and therefore the proposed claims would be futile. To that extent, the Court denies the motion to amend with prejudice.

### III. CONCLUSION

1. The Court AFFIRMS in part the Recommended Decision of the Magistrate Judge (ECF No. 48);

2. The Court DENIES the Plaintiff's Opposition to Removal (ECF No. 7);

3. The Court GRANTS in part the County Defendants' Motion to Dismiss (ECF No. 23) insofar as it relates to federal claims and DISMISSES with prejudice all federal claims asserted in the Plaintiff's Complaint (ECF No. 2-5), Verified Complaint (ECF No. 12), and Amended Verified Complaint (ECF No. 14);

4. The Court DENIES in part and DISMISSES in part the Plaintiff's Motion for Leave of Court to Amend & Assert Plaintiff's Reservation of Rights, 11 M.R.S.A. §§1-1308 Et. Seq., to Present Further Causes of Action (ECF No. 53). The Court DENIES the Plaintiff's Motion to Amend insofar as it attempts to state a new federal cause of action based on the same set of earlier asserted facts and DENIES the Plaintiff's Motion to Amend insofar as it attempts to state a private claim for alleged violations of federal and state criminal statutes. The Court DISMISSES without prejudice the Plaintiff's Motion to Amend insofar as it states new state tort claims;

5. The Court REMANDS the case to Androscoggin County Superior Court.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2012